```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA           :
                                   :
          - v. -                   :    SUPERSEDING
                                   :    INDICTMENT
JESUS EDUARDO VALENCIA-ARBELAEZ,   :
  a/k/a "Padre,"                   :    S9 08 Cr. 977 (RPP)
  a/k/a "Pat,"                     :
MANUEL SILVA-JARAMILLO,             :
JAVIER CARO,                       :
  a/k/a "William Zabieh,"          :
  a/k/a "El Ingeniero,"            :
  a/k/a "Javier Gonzalez,"         :
GERALDO QUINTANA-PEREZ,            :
  a/k/a "El Viejo,"                :
  a/k/a "German Quintero," and     :
HARVEY STEVEN PEREZ,               :
  a/k/a "Miguel,"                  :
                                   :
          Defendants.              :
- - - - - - - - - - - - - - - - - x
```



### COUNT ONE

The Grand Jury charges:

1. From at least in or about 2007, up to and including in or about June 2009, in the Southern District of New York and elsewhere, JESUS EDUARDO VALENCIA-ARBELAEZ, a/k/a "Padre," a/k/a "Pat," MANUEL SILVA-JARAMILLO, JAVIER CARO, a/k/a "William Zabieh," a/k/a "El Ingeniero," a/k/a "Javier Gonzalez," GERALDO QUINTANA-PEREZ, a/k/a "El Viejo," a/k/a "German Quintero," and HARVEY STEVEN PEREZ, a/k/a "Miguel," the defendants, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2.   It was a part and an object of the conspiracy that JESUS EDUARDO VALENCIA-ARBELAEZ, a/k/a "Padre," a/k/a "Pat," MANUEL SILVA-JARAMILLO, JAVIER CARO, a/k/a "William Zabieh," a/k/a "El Ingeniero," a/k/a "Javier Gonzalez," GERALDO QUINTANA-PEREZ, a/k/a "El Viejo," a/k/a "German Quintero," and HARVEY STEVEN PEREZ, a/k/a "Miguel," the defendants, and others known and unknown, unlawfully, intentionally and knowingly would and did distribute and possess with intent to distribute a controlled substance, to wit, 5 kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Sections 812, 841(a)(1) and 841(b)(1)(A) of Title 21, United States Code.

**OVERT ACTS**

3.   In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   On or about November 17, 2007, MANUEL SILVA-JARAMILLO, the defendant, conducted a meeting in New York, New York, during which he discussed, among other things, the delivery of cocaine to the United States.

b.   On or about July 13, 2008, in Freetown, Sierra Leone, GERALDO QUINTANA-PEREZ, a/k/a "El Viejo," a/k/a "German Quintero," and HARVEY STEVEN PEREZ, a/k/a "Miguel," the defendants, and co-conspirators not named as defendants herein, possessed approximately 600 kilograms of cocaine.

2

c. On or about November 15, 2008, JESUS EDUARDO VALENCIA-ARBELAEZ, a/k/a "Padre," a/k/a "Pat," the defendant, conducted a meeting in Madrid, Spain, during which he discussed, among other things, the delivery of cocaine from South America to western Africa.

d. From at least in or about 2007, JAVIER CARO, a/k/a "William Zabieh," a/k/a "El Ingeniero," a/k/a "Javier Gonzalez," the defendant, made multiple payments of $700,000 to a co-conspirator not named as a defendant herein to insure the delivery of cocaine shipments into western Africa.

(Title 21, United States Code, Section 846.)

## COUNT TWO

The Grand Jury further charges:

4. From at least in or about 2007 up to and including in or about June 2009, in the Southern District of New York and elsewhere, JESUS EDUARDO VALENCIA-ARBELAEZ, a/k/a "Padre," a/k/a "Pat," and MANUEL SILVA-JARAMILLO, the defendants, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

5. It was a part and an object of the conspiracy that JESUS EDUARDO VALENCIA-ARBELAEZ, a/k/a "Padre," a/k/a "Pat," and MANUEL SILVA-JARAMILLO, the defendants, and others known and unknown, would and did import into the United States from a place

3

outside thereof five kilograms and more of a mixture and substance containing a detectable amount of cocaine, in violation of Sections 812, 952(a), and 960(b)(1)(B) of Title 21, United States Code.

6. It was further a part and an object of the conspiracy that JESUS EDUARDO VALENCIA-ARBELAEZ, a/k/a "Padre," a/k/a "Pat," and MANUEL SILVA-JARAMILLO, the defendants, and others known and unknown, would and did distribute a controlled substance, to wit, five kilograms and more of a mixture and substance containing a detectable amount of cocaine, intending and knowing that such substance would be imported into the United States from a place outside thereof, in violation of Sections 959, 960(a)(3) and 960(b)(1)(B) of Title 21, United States Code.

## OVERT ACTS

7. In furtherance of the conspiracy, and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

   a. On or about November 17, 2007, MANUEL SILVA-JARAMILLO, the defendant, conducted a meeting in New York, New York, during which he discussed, among other things, the delivery of cocaine to the United States.

   b. On or about May 8, 2009, JESUS EDUARDO VALENCIA-ARBELAEZ, a/k/a "Padre," a/k/a "Pat," the defendant, conducted a meeting in Madrid, Spain, during which he discussed,

4

among other things, the importation of 100 kilograms of cocaine to the United States from Western Africa.

(Title 21, United States Code, Section 963.)

## COUNT THREE

The Grand Jury further charges:

8. From at least in or about 2007, up to and including in or about June 2009, in the Southern District of New York and elsewhere, JESUS EDUARDO VALENCIA-ARBELAEZ, a/k/a "Padre," a/k/a "Pat," and MANUEL SILVA-JARAMILLO, the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to violate Section 1956(a) of Title 18, United States Code.

9. It was a part and an object of the conspiracy that JESUS EDUARDO VALENCIA-ARBELAEZ, a/k/a "Padre," a/k/a "Pat," and MANUEL SILVA-JARAMILLO, the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions, to wit, the transfer of over one million Euros in cash, represented the proceeds of some form of unlawful activity, unlawfully, willfully, and knowingly would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, the proceeds of illegal narcotics transactions, knowing that the transactions were designed in whole and in part to conceal the

nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

        10.  It was further a part and an object of the conspiracy that JESUS EDUARDO VALENCIA-ARBELAEZ, a/k/a "Padre," a/k/a "Pat," and MANUEL SILVA-JARAMILLO, the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions, to wit, the transfer of over one million Euros in cash, represented the proceeds of some form of unlawful activity, unlawfully, willfully, and knowingly would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, the proceeds of illegal narcotics transactions, with the intent to promote the carrying on of specified unlawful activity, to wit, the distribution and importation of cocaine, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

### OVERT ACTS

        11.  In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

        a.  On or about October 29, 2007, in Copenhagen, Denmark, MANUEL SILVA-JARAMILLO, the defendant, transferred approximately 1.3 million Euros in cash towards the purchase of an

nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

    10. It was further a part and an object of the conspiracy that JESUS EDUARDO VALENCIA-ARBELAEZ, a/k/a "Padre," a/k/a "Pat," and MANUEL SILVA-JARAMILLO, the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions, to wit, the transfer of over one million Euros in cash, represented the proceeds of some form of unlawful activity, unlawfully, willfully, and knowingly would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, the proceeds of illegal narcotics transactions, with the intent to promote the carrying on of specified unlawful activity, to wit, the distribution and importation of cocaine, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

### OVERT ACTS

    11. In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a. On or about October 29, 2007, in Copenhagen, Denmark, MANUEL SILVA-JARAMILLO, the defendant, transferred approximately 1.3 million Euros in cash towards the purchase of an

airplane to be used to transport cocaine, portions of which money SILVA-JARAMILLO directed to be wire-transferred to bank accounts in the United States.

   b. On or about November 17, 2007, SILVA-JARAMILLO conducted a meeting in New York, New York, during which he discussed, among other things, the wire transfers referenced in Paragraph 11(a).

   c. On or about May 12, 2008, SILVA-JARAMILLO conducted a meeting in Virginia, during which he discussed, among other things, the purchase of an airplane to be used to transport cocaine.

   d. On or about November 15, 2008, JESUS EDUARDO VALENCIA-ARBELAEZ, a/k/a "Padre," a/k/a "Pat," the defendant, conducted a meeting in Madrid, Spain, during which he discussed, among other things, payments for the purchase of an airplane to be used to transport cocaine.

   e. On or about January 23, 2009, VALENCIA-ARBELAEZ directed another individual to deliver approximately 250,000 Euros in cash in Copenhagen, Denmark.

   (Title 18, United States Code, Section 1956(h).)

### FIRST FORFEITURE ALLEGATION

  12. As a result of committing the narcotics offense charged in Count One of this Indictment, in violation of Sections 812, 841(a)(1), 841(b)(1)(A) and 846 of Title 21, United States

Code, JESUS EDUARDO VALENCIA-ARBELAEZ, a/k/a "Padre," a/k/a "Pat," MANUEL SILVA-JARAMILLO, JAVIER CARO, a/k/a "William Zabieh," a/k/a "El Ingeniero," a/k/a "Javier Gonzalez," GERALDO QUINTANA-PEREZ, a/k/a "El Viejo," a/k/a "German Quintero," and HARVEY STEVEN PEREZ, a/k/a "Miguel," the defendants, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds said defendants obtained directly or indirectly as a result of said violations, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Count One of this Indictment.

### Substitute Assets Provision

13.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

>   (i) cannot be located upon the exercise of due diligence;
>
>   (ii) has been transferred or sold to, or deposited with, a third party;
>
>   (iii) has been placed beyond the jurisdiction of the court;
>
>   (iv) has been substantially diminished in value; or
>
>   (v) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C.

§ 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

(Title 21, United States Code, Sections 841(a)(1) and 853.)

## SECOND FORFEITURE ALLEGATION

14. As the result of committing the money laundering offense in violation of Title 18, United States Code, Section 1956, alleged in Count Three of this Indictment, JESUS EDUARDO VALENCIA-ARBELAEZ, a/k/a "Padre," a/k/a "Pat," and MANUEL SILVA-JARAMILLO, the defendants, shall forfeit to the United States pursuant to Title 18, United States Code, Section 982, all property, real and personal, involved in the money laundering offense and all property traceable to such property.

### Substitute Asset Provision

15. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third person;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. §

982(b), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 982 and 1956.)

_____  
FOREPERSON

_____  
LEV L. DASSIN  
Acting United States Attorney

10

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JESUS EDUARDO VALENCIA-ARBELAEZ,
a/k/a "Padre,"
a/k/a "Pat,"
MANUEL SILVA-JARAMILLO,
JAVIER CARO,
a/k/a "William Zabieh,"
a/k/a "El Ingeniero,"
a/k/a "Javier Gonzalez,"
GERALDO QUINTANA-PEREZ,
a/k/a "El Viejo,"
a/k/a "German Quintero," and
HARVEY STEVEN PEREZ,
a/k/a "Miguel,"

Defendants.

### INDICTMENT

S9 08 CR 977 (RPP)

(Title 21, United States Code, Sections 846, 963; Title 18, United States Code, Section 1956(h))

LEV L. DASSIN
Acting United States Attorney

A TRUE BILL

_____
Foreperson.